IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY ) <br> CO. OF AMERICA and ) <br> TRAVELERS PROPERTY ) <br> CASUALTY CO. OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> YUKITA A. JOHNSON and ) <br> TIFFINA McQUEEN, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 2:21cv528-MHT <br> (WO) |

OPINION AND ORDER

Plaintiffs Travelers Indemnity Company of America and Travelers Property Casualty Company of America have sued defendants Yukita Johnson and Tiffina McQueen, seeking a declaratory judgment that Johnson does not fall within the coverage of their policies. Jurisdiction is properly invoked pursuant to 20 U.S.C. § 1332 (diversity). After the initial discovery period concluded, the Travelers plaintiffs filed a motion for summary judgment, which the parties have fully briefed.

I.

According to the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view the admissible evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

II.

This case began at a Wendy's, run by R&L Foods, LLC, where Johnson and McQueen were employed.  After an altercation involving both women, Johnson filed a suit in state court against several parties, including R&L Foods and McQueen.  *See Johnson v. R & L Foods et al.*,

No. 30-cv-2020-901022 (Montgomery Cir. Ct. filed Aug. 14, 2020).  As part of that underlying state case, McQueen filed a counterclaim against Johnson.

This federal case concerns two insurance policies held by R&L Foods, one from Travelers Indemnity (a commercial general-liability policy) and one from Travelers Property Casualty (an excess follow-form/umbrella-liability policy).  Both the Travelers plaintiffs and Johnson agree that the question on which the movants seek declaratory judgment--namely, whether the Travelers policies cover Johnson (or otherwise trigger duties to defend or indemnify) on the state-court counterclaim against her--turns on the substantive provisions of those policies.  But given the clear dispute as to which State's law governs the interpretation of the policies, itself grounded in as-yet-undetermined facts about their creation and execution, that question cannot be disposed of at this procedural stage.

In support of their summary-judgment motion, the Travelers plaintiffs attach copies of both insurance policies and assert that, under Alabama choice-of-law principles, the policies are governed by Virginia law because they were issued in Virginia. *See* Br. in Support of M. for Summary Judgment (Doc. 20) at ¶ 19 ("Travelers issued the CGL Policy ... in the State of Virginia."); *id.* at ¶ 26 ("Travelers issued the Excess/Umbrella Policy ... in the State of Virginia.").

For her part, Johnson does not dispute that choice of law is governed by *lex loci contractus*. However, she submits that the policies entered into the record do not disclose where they were contracted and that there is no reason to think the contract formed in Virginia rather than in any other State. *See* Response (Doc. 25) at 14-17. And, indeed, neither section of the policies that the Travelers plaintiffs cite even asserts that the policies were issued, signed, or otherwise perfected in Virginia. The page of the general-liability policy cited by the Travelers plaintiffs, *see* Br. in Support of M. for

4

Summary Judgment (Doc. 20) at ¶ 19, does not mention Virginia at all, *see* Commercial General-Liability Policy (Doc. 21-2) at 146 (TRAV_0145).  And the page of the umbrella-liability policy cited by the Travelers plaintiffs, *see* Br. in Support of M. for Summary Judgment (Doc. 20) at ¶ 26, mentions Virginia but not in the context of signing or finalizing the contract, *see* Umbrella-Liability Policy (Doc. 21-3) at 4 (TRAV_0271). (In addition, neither policy attached to the motion for summary judgment appears to be fully signed and countersigned.  *See* Commercial Policy (Doc. 21-2) at 3 (TRAV_0002); *id.* at 229 (TRAV_0228) (amendment); Excess Policy (Doc. 21-3) at 3 (TRAV_0270).)

"Because th[is] district court s[its] in Alabama, it [is] obliged to follow Alabama's *lex loci contractus* doctrine, which requires that Alabama courts interpret contracts according to the law of the state in which they were made." *N.H. Ins. Co. v. Hill*, 516 Fed. App'x 803, 805 (11th Cir. 2013).  Thus, after a status conference in February 2023, the court ordered the parties to file

5

a joint report "that contains either (i) an agreement as to the *loci contracti* for the two Travelers insurance policies at issue and, accordingly, the state law that is to apply to each policy, or (ii) a proposal for targeted discovery as to *lex locus contractus*."  Order (Doc. 46) at 1.  The parties now report that they are "unable to agree on the state law to apply to the interpretation of the Travelers[] policies at issue" in this case and agree that further discovery is warranted.  Joint Report (Doc. 49) at 1.

Because there is, at minimum, a continued genuine dispute over the material facts related to the contracting of the Travelers policies at issue, summary judgment is inappropriate at this stage--and additional discovery is necessary to determine the choice of law that applies.

\* \* \*

Accordingly, it is ORDERED that:

(1) The motion for summary judgment (Doc. 19) is denied with leave to renew.

6

(2) The parties are allowed until May 23, 2023, to conduct additional discovery as to choice of law.  Such discovery may include affidavits, depositions, written discovery, and any other appropriate mechanisms the parties choose to employ.  The deadline for responding to any appropriate request for information or for production of documents shall be seven days from the date of the request.

(3) The parties are allowed until May 30, 2023, to file a new or renewed motion for summary judgment.  If no motion is filed, the court will set this case for pretrial and trial, etc.

(4) In the interim, the court strongly encourages the parties to attempt to resolve both the specific choice-of-law issue and the broader litigation.

DONE, this the 23rd day of March, 2023.

                                            /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**